
NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN MICHAEL CREDICO | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 10-cv-3456 |
| BARACK OBAMA, et al. | |
| Defendants. | |

| | |
|---|---|
| JUSTIN MICHAEL CREDICO | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 10-cv-5414 |
| SPRAGUE, et al. | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon designation from the Eastern District of Pennsylvania, and upon filing by Plaintiff Justin Michael Credico ("Plaintiff") of a Complaint and application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, Plaintiff's application to proceed *in forma pauperis* is hereby **granted**, and Plaintiff's Complaint is hereby **dismissed** for its frivolity and failure to state a claim on which relief may be granted.

## I.   BACKGROUND

The allegations in this case involve an alleged wide ranging conspiracy against Plaintiff. Plaintiff has named an exhaustive list of defendants in this action, however his Complaint, filed as a prisoner complaint under the Civil Rights Act, 42 U.S.C. § 1983, only addresses a limited number of actors. Out of over sixty individuals and entities named in the caption, Plaintiff specifically addresses only President Barack Obama, Attorney General Eric Holder, former Attorney General Michael Mukasey, the United States Marshals Service ("U.S. Marshals"), the Federal Bureau of Investigation ("FBI"), and the National Security Council ("NSC") in his Complaint. The Complaint contains the following allegations:

> I have as proof numerous emails that I sent to [the Department of Justice] the White House, FBI and numerous other government agencies. Nobody helped me or my friends, now I'm being hacked by the FBI (I have logs), I'm being hacked by Israel (logged).
>
> Barack Obama and Holder and Mukasey all did NOTHING! Failure to act applies as does cruel and unusual punishment. Neither did the National Security Council.
>
> My friends have all been harassed by the [government] because of me, they are scaring people away from me, they are trying to isolate me and I have had enough.
>
> I can't name names because I fear they will retaliate against them and hurt them.

Compl. 3. Plaintiff claims that those actions have caused him injuries in the form of "assault/ slander/ defamation," and that "U.S. Marshals threatened to have me raped." Compl. 3. Plaintiff states that he previously filed grievances, "in that I wrote so many emails/ letters/ filed papers," and

that he directed these grievances to the International Criminal Police Organization – INTERPOL, the Central Intelligence Agency, the National Security Agency, the Drug Enforcement Agency, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the FBI, "Internet Crime Security," the Department of Defense, the Pentagon, and the White House. Plaintiff further alleges, in setting forth additional information that might be relevant to the exhaustion of his administrative remedies, "DA probe due to forgeries/ Judges jailing kids for cash/ FBI and local authorities sending their daughters to my house for information on informancy [sic] dealings with PSP." Compl. 5.

In his request for relief, Plaintiff states "injunctive relies [sic] . . . I want [$1,000,000] this just keeps escalating because a bunch of FBI agents get their feelings hurt. Poor dignity got hurt so they retaliated and tried to hack me and slander me." Compl. 5. Finally, Plaintiff directs the Court's attention to "previous cases filed for attachments and evidence that your Common Wealth [sic] corrupt officials don't do shit." Compl. 6.

In his application to proceed *in forma pauperis*, Plaintiff states that he is unemployed, but receives approximately $1,000 per month to "help [with] bills and rent." Plaintiff further states that approximately $700 of that amount goes to various debts, bills, and food, including expenses for rent in the amount of $400 per month, for electric bills in the amount of $100 per month, and for cell phone bills in the amount of twenty dollars per month. Plaintiff has also indicated that he owes a "debt to Wachovia," but does not indicate the amount of that debt.

Among the parties named in the Complaint, Plaintiff included the Honorable John R. Padova, United States District Judge, who was originally assigned to Plaintiff's case. This Court is therefore hearing the matter by designation.

## II. STANDARD OF REVIEW

Federal law requires this Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks an arguable basis either in law or in fact" Neitzke v. Williams, 490 U.S. 319, 328 (1989) (abrogated by statute on other grounds); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). A finding of factual frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).

In deciding whether a complaint fails to state a claim on which relief may be granted, the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief, however, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a

speculative level." Twombly, 550 U.S. at 555.

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002).

### III. DISCUSSION

After reviewing the assertions of the Complaint as a whole, the Court finds it to be of the irrational, wholly incredible, and fanciful sort with which this Court is unfortunately all too familiar. Even though Plaintiff may believe in his own factual allegations, this does not preclude dismissal on the basis of frivolity. Other courts have arrived at the same difficult conclusion concerning similar allegations. See, e.g., Prather v. Eric Holder & DOJ, No. 11-547, 2011 U.S. Dist. LEXIS 74998 at *7 (D.N.J. July 12, 2011) (collecting cases). Based on Plaintiff's affidavit, the Court will grant Plaintiff's application to proceed *in forma pauperis*, and will dismiss the Complaint for its frivolity and failure to state a claim on which relief can be granted.

### IV. CONCLUSION

For the reasons set forth above, the Complaint is **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: December 19, 2011
Orig.: Clerk
cc: All Counsel of Record
File